IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HARRY LAWRENCE QUIGLEY,

    Plaintiff,

v.                                                Case No. 3:17-cv-01906

CITY OF HUNTINGTON WV;
SHANE BILLS (in both his official and
personal capacity);
JOSEPH CICCARELLI in both his official and
personal capacity);
JOEY KOHER in both his official and
personal capacity);
JASON SMITH in both his official and
personal capacity); and
JAMES TALBERT in both his official and
personal capacity);

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO AMEND

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 28). Defendants have filed a response in opposition to the motion, and Plaintiff has filed a reply memorandum. (ECF Nos. 30, 31). Accordingly, the issues are fully briefed, and the Court finds no need for oral argument.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with leave of court, and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under Rule 15, a court should deny a motion to amend 'only where it would be prejudicial, there has been bad faith, or the amendment would be

1

futile.'" *Pearson v. McFadden*, No. CV 9:14-3943-TMC, 2017 WL 3485645, at *9 (D.S.C. Aug. 15, 2017) (quoting *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)); *also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. ... [T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, as Plaintiff points out, the defendants will not be prejudiced by an amendment given that discovery is still in its early stages. The purpose of the amended complaint, in large part, is to add additional defendants and dismiss a claim for special damages that is now moot. As Plaintiff only recently learned the names of the additional defendants and his claim for special damages only recently became moot, bad faith is not present in Plaintiff's request for leave to amend. Moreover, based upon the defendants' contention that Plaintiff did not state sufficient factual allegations against them in the first amended complaint, Plaintiff attempts in the second amended complaint to correct and clarify his causes of action. These are all appropriate reasons for seeking an amendment. Finally, Plaintiff's proposed amendment is not futile. "A proposed amendment is considered futile where it 'fails to state a claim under the applicable rules and accompanying standards.'" *Phillips v. Brock & Scott, PLLC*, No. CV PX 16-3899, 2017

WL 3226866, at *6 (D. Md. July 28, 2017) (quoting *Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). The court is required to hold a *pro se* plaintiff to less stringent standards than a plaintiff represented by counsel and must construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying those principles to Plaintiff's proposed amended complaint, the undersigned finds that Plaintiff has included sufficient factual allegations regarding the newly added defendants to state a potential claim under 42 U.S.C. § 1983. Therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**. The second amended complaint is considered filed as of today's date.

The Clerk of Court is **ORDERED** to issue summonses for defendants Williamson, Koher, Smith, and Talbert (all of whom are represented to be law enforcement officers employed by the Huntington Police Department) and provide the summonses and copies of the second amended complaint to the United States Marshals Service. The United States Marshals Service is **ORDERED** to serve the aforementioned defendants with the appropriate summons and complaint pursuant to Rule 4, *Fed. R. Civ. P.* The United States Marshals Service shall promptly file the returns of service.

The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** September 12, 2017

Cheryl A. Eifert
United States Magistrate Judge