UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

HARRY LAWRENCE QUIGLEY )
)
) 3:17-CV-01906
**Plaintiff,** )
)
vs. )
)
CITY OF HUNTINGTON, *ET AL.*, )
)
)
**Defendants.** )
)

# ORDER

Pending before the Court is the ***Plaintiff's Motion to Disqualify Steven K. Nord and the Offut-Nord-Burchett Law Firm*** filed on October 11, 2017. [ECF No. 46] Plaintiff, proceeding *pro se*, moves to disqualify Steven K. Nord, of the law firm of Offutt Nord Burchett, PLLC as counsel for Defendants City of Huntington, West Virginia, Shane Bills, Casey Williamson, Joey Koher, Jason Smith, and James Talbert. Plaintiff asserts that because D.C. Offutt, Esq., founder of Offutt Nord Burchett, PLLC, and partner to Mr. Nord, is married to United States Magistrate Judge Cheryl A. Eifert. Plaintiff further asserts that the appearance of impropriety compels this Court to disqualify Mr. Nord and his law firm in accordance to the West Virginia Rules of Professional Conduct, specifically, Rule 1.10 governing attorneys as well as United States v. Clarkson, 567 F.2d 270 (4th Cir. 1977) and its progeny.[1] In Clarkson, the Fourth Circuit stated:

> In determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances "with hair-splitting nicety" but, in the proper exercise of its supervisory power over the members of the bar and with a view of

---

[1] Roberts & Schaefer Co. v. San-Con, Inc., 898 F. Supp. 356, 359 (S.D.W. Va. Sept. 14, 1995) (the Fourth Circuit opinion that enunciated this standard antedates both the ABA's and West Virginia's adoption for the Rules of Professional Conduct, however, the West Virginia Supreme Court of Appeals and other courts continue to rely on this standard).

1

> preventing "the appearance of impropriety," it is to resolve all doubts in favor of disqualification. Neither is the court to consider whether the motives of counsel in seeking to appear despite his conflict are pure or corrupt; in either case the disqualification is plain.

Id. at 273 n.3 (citations omitted).

The undersigned notes that by Order entered on September 12, 2017, U.S. Magistrate Judge Eifert granted Plaintiff's Motion for Leave to File Second Amended Complaint. [ECF No. 32.] Summons issued that same day to Defendants City of Huntington, West Virginia, Shane Bills, Casey Williamson, Joey Koher, Jason Smith, and James Talbert. [ECF Nos. 33, 34, 35, 36, 37.] In accordance to the Order entered on March 16, 2017 [ECF. No. 3.], U.S. Magistrate Judge Eifert submitted her Proposed Findings and Recommendation to the District Court on September 22, 2017. [ECF No. 38.] On September 28, 2017, Steven K. Nord, Esq., Ryan Q. Ashworth, Esq., and the law firm of Offutt Nord Burchett, PLLC filed their Notice of Appearance on behalf of the aforementioned Defendants. [ECF No. 39.] By Order entered September 29, 2017, due to conflict, this matter was transferred from U.S. Magistrate Judge to the undersigned. [ECF No. 40.]

Based on the procedural history of this case, Plaintiff's ***Motion to Disqualify*** was moot upon filing, because the Acting Clerk of Court for the Southern District of West Virginia had already transferred this civil matter to the undersigned upon the filing of the Notice of Appearance by Mr. Nord and his law firm. It is not lost on the undersigned that U.S. Magistrate Judge Eifert submitted her Proposed Findings and Recommendation before Mr. Nord and his law firm filed their Notice of Appearance. Accordingly, the undersigned **FINDS** and **CONCLUDES** that the appearance of impropriety had been prevented, and any disqualification had been rendered unnecessary by the Clerk's prompt action.

Therefore, it is hereby **ORDERED** that *Plaintiff's Motion to Disqualify* be **DENIED** as **MOOT**. [ECF No. 46.]

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above in this non-dispositive Motion may be contested by filing within 14 days, objections to this Order with District Judge Robert C. Chambers. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

**IT IS SO ORDERED.**

The Clerk is requested to send a copy of this Order to counsel of record and the *pro se* Plaintiff.

ENTER: October 12, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge