UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| HARRY LAWRENCE QUIGLEY | ) | |
| | ) | |
| | ) | 3:17-CV-01906 |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF HUNTINGTON, *ET AL.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On January 17, 2018, Plaintiff, acting *pro se*, filed his ***Motion to Disqualify District Judge Robert C. Chambers and Magistrate Judge Omar J. Aboulhosn***.[1] [ECF No. 58] Plaintiff appears to assert that the undersigned is a "co-conspirator" with District Judge Chambers and United States Magistrate Judge Eifert insofar as his being assigned to this civil matter due to the conflict that arose once Steven K. Nord, Esq., Ryan Q. Ashworth, Esq., and the law firm of Offutt Nord Burchett, PLLC filed their Notice of Appearance on behalf of the Defendants. [See, ECF Nos. 39 and 40] Plaintiff only asserts conclusory statements that the undersigned is unable to be neutral and un-biased without any specific allegations that would support same, other than Plaintiff has since been served with discovery requests by the Defendants.

As Judge Chambers noted in his Order denying the motion to disqualify him [ECF No. 59], the relevant Code of Judicial Conduct applicable to the undersigned is Canon 3(C), which provides, in its entirety, as follows:

---

[1] District Judge Chambers has entered an Order denying Plaintiff's Motion. [ECF No. 59] The District Court deferred ruling on Plaintiff's Motion to disqualify the undersigned, though noted there was no basis supporting the motion to disqualify the undersigned.

1

(C) Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

   (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness;

   (c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

   (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:

      (i) a party to the proceeding, or an officer, director, or trustee of a party;

      (ii) acting as a lawyer in the proceeding;

      (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

      (iv) to the judge's knowledge likely to be a material witness in the proceeding;

   (e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

(2) A judge should keep informed about the judge's personal and fiduciary financial interests and make a reasonable effort to keep

informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.

(3) For the purposes of this section:

(a) the degree of relationship is calculated according to the civil law system; the following relatives are within the third degree of relationship: parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew; the listed relatives include whole and half blood relatives and most step relatives;

(b) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(c) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:

> (i) ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;
>
> (ii) an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;
>
> (iii) the proprietary interest of a policyholder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
>
> (iv) ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities;

(d) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation.

> (4) Notwithstanding the preceding provisions of this Canon, if a judge would be disqualified because of a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the judge (or the judge's spouse or minor child) divests the interest that provides the grounds for disqualification.

It appears to the undersigned that the Plaintiff alleges that the undersigned is biased against the Plaintiff for merely agreeing to accept the assignment of this matter through the normal process employed by the District Court for the Southern District of West Virginia for a Magistrate Judge recusing themselves due to a conflict. In this matter, Magistrate Judge Eifert recused herself when the firm of Offutt Nord Burchett, PLLC was retained to represent the defendants. Thereafter, the undersigned was selected to handle the Magistrate Judge's duties in this matter. Looking at the elements of Canon 3(C)(1), the Plaintiff does not argue that any of the specific examples found in Canon 3(C)(1)(a)-(e) apply to the undersigned. Furthermore, the undersigned **FINDS** that the undersigned's impartiality would not be reasonably questioned by the mere fact that the undersigned accepted the assignment of this matter upon the voluntary recusal of another Magistrate Judge who acted ethically in voluntarily recusing herself pursuant to the same Canon.

Therefore, the undersigned **FINDS** and **CONCLUDES** that Plaintiff's motion for the undersigned's disqualification is without merit and is therefore **DENIED**. [ECF No. 58]

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above in this non-dispositive Motion may be contested by filing within 14 days, objections to this Order with District Judge Robert C. Chambers. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

**IT IS SO ORDERED.**

The Clerk is requested to send a copy of this Order to counsel of record and the *pro se* Plaintiff.

ENTER: January 30, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge